UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS R. DREILING, a shareholder of INFOSPACE, INC., | |
| Plaintiff, | CASE NO. C05-1339JLR |
| v. | ORDER |
| AMERICA ONLINE, INC., | |
| Defendant. | |
| v. | |
| INFOSPACE, INC., | |
| Nominal Defendant. | |

## I.  INTRODUCTION

This matter comes before the court on a motion to dismiss by Defendant America Online, Inc. ("AOL") (Dkt. # 9). After reviewing the motion together with all papers filed in support and in opposition thereof, the court DENIES Defendant's motion.

## II.  BACKGROUND

Plaintiff Thomas Dreiling purchased 100 shares of InfoSpace stock in December of 1999. On November 19, 2003, Mr. Dreiling presented a letter to the InfoSpace Board of Directors, in which he demanded that the Board prosecute claims against AOL for violations of the Securities Exchange Act. Specifically, Mr. Dreiling alleged that on or around August 24, 1998, certain AOL executives had formed a "group" with InfoSpace founder Naveen Jain (the "Jain/AOL group") in order to manipulate the market price of InfoSpace shares and sell them at artificially inflated prices to unsuspecting investors. Two months after receipt of Mr. Dreiling's letter, the InfoSpace Board rejected his

ORDER – 1

demand, which by statute, vested in Mr. Dreiling the right to maintain this action against AOL.[1]  AOL now moves for a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)").

### III.   DISCUSSION

**A.   Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-8 (9th Cir. 1996).  The court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  Dismissal for failure to state a claim should not be granted "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (internal quotations and citations omitted).

**B.   Section 16(b) of the Securities Exchange Act**

Section 16(b) of the Securities Exchange Act of 1934 ("the Act") provides that a corporation may recover profits realized by corporate insiders from the purchase and sale of securities that occur inside a six-month period.  15 U.S.C. § 78p(b).  Section 16(b) provides, in relevant part:

> For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security . . . .  Suit to recover such profit may be instituted . . . by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request

---

[1] For purposes of this motion to dismiss, the court assumes without deciding that Dreiling has standing to bring this derivative action on behalf of InfoSpace.   Mr. Dreiling names InfoSpace only as a nominal party to this action.

ORDER – 2

> or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b).

Should the issuing corporation fail or refuse to bring such suit, a security holder may bring a derivative action on the corporation's behalf. Id. The purpose of Section 16(b) is to discourage corporate insiders from taking advantage of their access to non-public information by imposing a flat rule that prohibits an entire category of six-month purchase and sale transactions – so-called "short-swing" trades. Foremost-McKesson, Inc. v. Provident Securities Co., 423 U.S. 232, 234 (1976). The statute imposes strict liability on insiders who engage in short-swing trades without regard to an insider's intent. Reliance Electric Co. v. Emerson Electric Co., 404 U.S. 418, 430-31 (1972); Morales v. Quintel Entertainment, Inc., 249 F.3d 115, 121-2 (2nd Cir. 2001). Corporate insiders subject to Section 16(b)'s short-swing trade prohibition include officers, directors, and "beneficial owners," the latter of which is defined as a "person" holding 10% of the issuing corporation's securities. 15 U.S.C. § 78p(a). If two or more persons form a "group," each group member may be liable under Section 16(b) if, in the aggregate, the group's holdings exceed 10%. 17 C.F.R. § 240.16a-1(a)(1)(2); see also Rosen v. Brookhaven Capital Management Co., Ltd., 113 F. Supp. 2d 615, 618-20 (S.D.N.Y. 2000) (discussing Section 16(b) group liability as borrowed from the concept of groups in the context of disclosure requirements under Section 13(d), 15 U.S.C. § 78m(d)(3)[2]).

In sum, Section 16(b) liability attaches if a plaintiff proves: (1) a purchase, and (2) a sale of securities, (3) by an officer, director or beneficial owner of more than ten

---

[2] Section 13(d)(3) provides that "two or more persons" acting together "for the purpose of acquiring, holding, or disposing of securities of an issuer" may be considered a single "person." 15 U.S.C. § 78m(d)(3).

ORDER – 3

percent of the issuer's securities, (4) within a six-month period. Gwodzdzinsky v. Zell/Chilmark Fund, L.P., 156 F.3d 305, 308 (2d Cir. 1998).

### 1. Beneficial Ownership by Virtue of "Group" Membership

Mr. Dreiling asserts that AOL is a statutory insider subject to Section 16(b) because it is a member of a group holding at least 10% of InfoSpace's equity securities. AOL argues that Mr. Dreiling's complaint contains only conclusory allegations as to whether Mr. Jain and AOL executives formed such a group.[3] AOL further contends that Mr. Dreiling's group allegation sounds in fraud and therefore, Fed. R. Civ. P. 9(b) ("Rule 9(b)") requires that Mr. Dreiling plead the matter with particularity. AOL maintains that it purchased shares as part of a business arrangement between it and InfoSpace (and not Mr. Jain).

As a threshold matter, the court is not persuaded that Mr. Dreiling's cause of action sounds in fraud such that Rule 9(b)'s particularity standard governs. Section 16(b) is a strict liability regime that applies to certain statutorily defined classes of persons and transactions. Morales, 249 F.3d at 121-2. The court, therefore, evaluates his allegations as to the existence of a Jain/AOL group under the liberal pleading requirements of Fed R. Civ. P. 8(a). Rosenberg v. XM Ventures, 129 F. Supp. 2d 681, 685-86 (D. Del.) ("The court will *not* apply Rule 9(b) in its analysis of the sufficiency of [plaintiff's Section 16(b)] complaint.") (emphasis original).[4]

---

[3] Although AOL dedicates a large portion of its brief to the argument that AOL, by itself, was not a 10% beneficial owner at the time of purchasing the InfoSpace shares, Mr. Dreiling does not appear to dispute this fact. The dispute is, rather, whether AOL is subject to Section 16(b) by virtue of AOL's membership in the alleged Jain/AOL group.

[4] The court notes that Hallwood Realty Partners, L.P. v. Gotham Partners, L.P., cited by AOL, likewise supports the court's determination. 95 F. Supp. 2d 169, 175 (S.D.N.Y. 2000)  In Hallwood, the court noted that defendants had conflated the averments of fraud in the *concealment* of a Section 13(d) group with allegations as to the *existence* of a group and while Rule 9(b)'s particularity requirement might apply to the former, it would not likely apply to the latter.

ORDER – 4

As to whether AOL is a beneficial owner by virtue of its membership in the Jain/AOL group, the key inquiry is whether it can be inferred that AOL and Jain agreed to act together to further a common objective. Morales, 249 F.3d at 123-4. Under Section 13(d) of the Act, a group is formed when its members have agreed to act together to either "acquire, hold, vote or dispose of securities of an issuer." Id. at 124 (citing Securities Exchange Commission ("SEC") Rule 13d-5(b), 17 C.F.R. § 240.13d-5(b)(1)). On a summary judgment motion, the Second Circuit reasoned in Morales v. Quintel Entertainment, Inc. that the agreement may be informal and may be inferred from circumstantial evidence. Id.

Taking into account the low threshold that a plaintiff must cross in order to survive a Rule 12(b)(6) motion, the court is satisfied that Mr. Dreiling sufficiently pleads the existence of a group.[5] Mr. Dreiling's complaint names two AOL executives who allegedly worked with InfoSpace founder Mr. Jain with the common purpose of manipulating InfoSpace's earnings. See Strauss v. American Holdings, Inc., 902 F. Supp. 475, 479-80 (S.D.N.Y. 1995) (complaint contained sufficient allegations as to the existence of a group by virtue of plaintiff's naming of corporate insiders in positions of power from which the court could infer that transactions occurred at the behest of certain officers). Mr. Dreiling also alleges a start and end date to the alliance that corresponds to the time frame in which the short-swing trades allegedly took place. Construed in the light most favorable to Mr. Dreiling, it is reasonable to infer from the facts alleged that AOL and Jain had an agreement to acquire and hold InfoSpace securities and then sell those same securities at a profit. In making this determination, the court is mindful that at this early stage of the proceedings – prior to discovery – the common purpose of a particular group is necessarily "difficult to discern." Rosen, 113 F. Supp. 2d at 632

---

[5] The court notes that the parties do not appear to dispute that, if Mr. Dreiling establishes that the Jain/AOL group in fact existed, it would have been a 10% beneficial owner.

ORDER – 5

(reasoning that because it is difficult to ascertain a group's purpose, a Rule 12(b)(6) motion prior to meaningful discovery could have the consequence of creating "a safe haven for groups to conceal their real purposes . . . ."). Accordingly, the court denies AOL's motion to dismiss on the basis of Mr. Dreiling's failure to allege that AOL was a 10% beneficial owner by virtue of its membership in a group.[6]

### 2. Short-Swing Trades

AOL argues that the purchase date for all of the securities in question is August 24, 1998 which, AOL contends, takes any sale date listed in Mr. Dreiling's complaint outside of Section 16(b)'s six-month window. AOL claims that it entered into a Common Stock Purchase Warrant ("Warrant") with InfoSpace (signed by Mr. Jain) which provided AOL an entitlement to periodically purchase InfoSpace shares, subject to a quarterly vesting schedule.[7] AOL argues that the Warrant is a "derivative security" with a one-time purchase date of August 1998.

Derivative securities include "any option, warrant . . . or similar right with an exercise or conversion privilege at a price related to an equity security . . . with a value derived from the value of an equity security." 17 C.F.R. § 240.16a-1(c) (SEC Rule 16a-1(c)). The subsequent exercise of a derivative security is exempt from the operation of Section 16(b) because it is the original acquisition date that triggers potential application

---

[6] Because the court assumes the existence of a group for purposes of this Rule 12(b)(6) motion, the court need not consider AOL's argument that, acting alone, it holds less than 10% of InfoSpace securities and thus falls under an exemptive provision of Section 16(b).

[7] AOL attaches to its motion copies of the Warrant and a related Interactive White Pages Marketing Agreement entered into between AOL and InfoSpace. Because Mr. Dreiling's complaint and response to AOL's motion refers to both "warrants" and "performance-related conditions," the court considers the documents as part of the pleadings and assumes their content to be true for purpose of this Rule 12(b)(6) motion. United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003) (motion to dismiss will not convert into motion for summary judgment where court considers documents offered by defendants that were originally referenced in plaintiff's complaint).

ORDER – 6

of Section 16(b). 17 C.F.R. § 240.16b-6 (SEC Rule 16b-6). Mr. Dreiling contends that the purchase date was renewed at the point in time of each subsequent vesting, because such vesting was contingent upon certain performance targets. The dispute, then, centers on whether it is the warrant date or the vesting date that constitutes the triggering event for purposes of a Section 16(b) purchase.

The SEC Rules relating to derivative securities do not address the precise situation, as here, where exercise of a security is contingent upon the performance of a condition. The on-point available authority consists of an SEC no-action letter, a footnote in a later SEC interpretative release that refers to such letter, and various secondary sources[8] – all of which appear to support Mr. Dreiling's argument that the Section 16(b) purchase date is deferred until the contingency is removed. Defendants argue that the non-action letter is not controlling and only has the "power to persuade."

At this stage of the proceedings, the court is reluctant to dismiss Mr. Dreiling's claim absent direct authority that contradicts the SEC no-action letter. For purposes of this motion, the court assumes without deciding that the vesting dates have the possibility of triggering Section 16(b) liability as "purchases." The court invites the parties to re-argue this issue in later dispositive motions (if any). The court denies AOL's motion to dismiss on the basis of Mr. Dreiling's failure to allege short-swing trade purchases.

### 3. Timeliness of the Complaint

Lastly, AOL contends that Mr. Dreiling's Section 16(b) claim is barred by the Act's two-year statute of limitations because the latest of the alleged short-swing trades

---

[8] Certilman Balin Adlre & Hyman, SEC No-Action Letter (Apr. 20, 1992); Ownership Reports and Trading by Officers, Directors and Principal Security Holders, SEC Release No. 34-37260 n.102 (1996) (endorsing staff interpretation in no-action letter, but declining to adopt it as a rule); Samuels, Peter J., Liability for Short-Swing Profits and Reporting Obligations Under Section 16 of The Securities Exchange Act of 1934, Practicing Law Institute, 725 PLI/Comm 481, 498 (1995); Jacobs, Arnold S., SECTION 16 OF THE SECURITIES EXCHANGE ACT § 8:16 (2005).

ORDER – 7

took place in the early part of 2000. 15 U.S.C. § 78p(b) (no suit "shall be brought more than two years after the date such [short-swing] profit was realized."). Mr. Dreiling contends that the statute of limitations is tolled because AOL failed to file its beneficially owned securities as required by Section 16(a) of the Act. Whittaker v. Whittaker Corp., 639 F.2d 516, 528 (9th Cir. 1981) (holding that the statute of limitations is tolled when an insider fails to file a Section 16(a) report) (citing 15 U.S.C. § 78p(b)[9]). The parties do not dispute that AOL did not file a Section 16(a) report.

Mr. Dreiling has sufficiently alleged the existence of an equitable tolling doctrine for his Section 16(b) claim. See Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (Rule 12(b)(6) can be granted "only if the assertion of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute [had been] tolled.") (internal citations omitted). Because the court infers the existence of the Jain/AOL group as a 10% beneficial owner, the court must also assume that Section 16(a)'s disclosure requirements applied to AOL. Failure to file a Section 16(a) report tolls the statute of limitations under Whittaker v. Whittaker. 639 F.2d at 528. Accordingly, the court denies AOL's motion to dismiss on grounds of untimeliness.

### IV.   CONCLUSION

For the reasons stated above, the court DENIES Defendant's motion to dismiss (Dkt. # 9).

Dated this 5th day of December, 2005.

s/James L. Robart
_____
JAMES L. ROBART
United States District Judge

---

[9] Section 16(a) provides that "[e]very person who is directly or indirectly the beneficial owner of more than 10 per centum of any class of any equity security . . . shall file . . . a statement with the Commission . . . ." 15 U.S.C. § 78p(a).

ORDER – 8