UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS R. DREILING, a shareholder of INFOSPACE, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>AMERICA ONLINE, INC., <br><br>    Defendant. <br><br>    v. <br><br>INFOSPACE, INC., <br><br>    Nominal Defendant. | CASE NO. C05-1339-JLR <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on a motion for a protective order to stay certain discovery by Defendant America Online, Inc. ("AOL") (Dkt. # 25). After reviewing the motion together with all papers filed in support and in opposition thereof, the court GRANTS in part and DENIES in part Defendant's motion.

ORDER – 1

## II.  BACKGROUND & ANALYSIS

Plaintiff Thomas Dreiling has alleged that on or around August 24, 1998, certain AOL executives formed a "group" with InfoSpace, Inc. founder Naveen Jain (the "Jain/AOL group") in order to manipulate the market price of InfoSpace shares and sell them at artificially inflated prices to unsuspecting investors.[1]  AOL contends that whether Mr. Dreiling can show the existence of the Jain/AOL group is a dispositive issue.  To that end, AOL requests that the court stay all discovery that does not relate to the group question.

This court previously denied AOL's motion to dismiss and held that Mr. Dreiling sufficiently alleged the existence of a group under section 13(d) of the Securities Exchange Act, 15 U.S.C. § 78m(d)(3).  The court based its decision, in part, on the fact that matters of group purpose are necessarily difficult to discern prior to meaningful discovery.  Rosen v. Brookhaven Capital Management Co., Ltd., 113 F. Supp. 2d 615, 623 (S.D.N.Y. 2000).  Moreover, the court noted that whether a plaintiff can subsequently survive summary judgment on the group question often depends on circumstantial evidence.  Morales v. Quintel Entertainment, Inc., 249 F.3d 115, 124 (2nd Cir. 2001).

The court concludes that a broad-brush stay is inappropriate given the potentially dominant role of circumstantial evidence in proving the existence of a group and the likely overlap with discovery on other matters.  For example, Mr. Dreiling persuasively argues that evidence regarding the dates of particular trades may provide circumstantial evidence of coordination between group members based on the timing of such

---

[1] The court incorporates the background and discussion set forth in its prior order denying AOL's motion to dismiss (Dkt. # 18).

ORDER – 2

transactions.  Setting aside whether it is even possible for the court to define the parameters of such a stay,[2] a limitation to one topical area could mean that Mr. Dreiling would be unable to uncover potentially probative evidence arising from seemingly unrelated discovery requests.  Accordingly, the court denies AOL's request to limit discovery solely to the question of whether AOL formed a group with Jain.

Although the court agrees with Mr. Dreiling that bifurcation of discovery in this matter is unworkable, the court concludes that Mr. Dreiling's discovery requests for information related to AOL communications and agreements with third-party dot-com executives are overly burdensome.[3]  At bottom, Mr. Dreiling seeks circumstantial evidence that AOL formed a group with Jain to manipulate share prices by pointing to other "similar conduct" (i.e., bad acts) of AOL in cooperation with other dot-com executives.  Evidence of individual group members cooperating with *each other* in similar schemes may be probative, Lerner v. Milenco, L.P., 23 F. Supp. 2d 337, 344 (S.D.N.Y. 1998); however, AOL correctly notes that the authority cited by Mr. Dreiling does not suggest that communications between one member of an alleged group and an entirely different entity carries such weight.[4]  Thus, the court grants AOL's motion for a

---

[2]Not surprisingly, the parties strongly dispute where relevant evidence on the group question begins and ends.

[3]AOL contends that Mr. Dreiling's discovery requests related to communications and agreements with third parties will require it to produce "millions, and perhaps tens of millions" of pages of documents.  Def.'s Reply at 4.

[4]The parties should not construe the court's ruling on the propriety of discovery of such information as indicative of whether a fact finder could ever consider evidence related to AOL's alleged relationship with other dot-com executives.  For example, Mr. Dreiling appears to have amassed publicly available records that may or may not contain probative evidence.

ORDER – 3

protective order as to Mr. Dreiling's discovery requests that seek information related to communications and agreements between AOL and third parties.

### III.  CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Defendant's motion (Dkt. # 25).  The court directs the parties to proceed with discovery consistent with this order.

Dated this 2nd day of March, 2006.

s/James L. Robart

_____
JAMES L. ROBART
United States District Judge

ORDER – 4