Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS R. DREILING, a shareholder of INFOSPACE, INC., <br><br>                                  Plaintiff,<br><br>    vs.<br><br>AMERICA ONLINE, INC., a Delaware corporation,<br><br>                                  Defendant,<br><br>    and<br><br>INFOSPACE, INC., a Delaware corporation,<br><br>                         Nominal Defendant. | NO. C05-1339JLR<br><br>DEFENDANT AMERICA ONLINE, INC.'S MOTION FOR A BENCH TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 39(a)<br><br>**Noted for Consideration: December 7, 2007** |

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

# INTRODUCTION

Defendant AOL LLC, formerly known as America Online, Inc. ("AOL"), has moved for summary judgment. But in the event of a trial, the law requires a bench trial.

Plaintiff's complaint seeks disgorgement of profits under Section 16(b) of the Securities Exchange Act of 1934. Compl., ¶ 19. The complaint also intimates a possible request for legal damages, referring to "<u>all damages awarded</u> <u>or</u> restitution <u>or</u> disgorgement." <u>Id</u>. at Section F (emphasis supplied). Plaintiff made no jury demand. AOL demanded a jury trial. Now, with discovery having closed, plaintiff's only claim for recovery is for disgorgement of profits. That claim is not triable before a jury. And since a jury demand is operative only as to issues "so triable" and there being none, AOL withdraws its jury demand.[1] In the event of a trial, AOL respectfully moves this Court to set a bench trial.

This motion presents an issue of first impression in the Ninth Circuit. No court within the Ninth Circuit has reached the question whether disgorgement claims under Section 16 may be tried to a jury. Nor has any other circuit court considered the question. Three district courts – one in Oklahoma and two in the Southern District of New York – have decided the issue. The earliest held that plaintiffs, but not defendants, could request a jury trial under Section 16. The other two rejected the earlier decision, with one essentially adopting the other's decision that either the plaintiff or the defendant may request a jury trial under Section 16.

None of these decisions stands on firm ground. Plaintiff's disgorgement claim is a traditionally equitable claim, with its origins in the 18th century English courts of equity. For three hundred years, disgorgement has been considered equitable restitution – a claim for which there is no right to a jury trial. The United States Supreme Court, as well as the Second Circuit (in which two of these district court cases were decided) have consistently said so. As the Court decides this question for the first time in this circuit, those inapposite decisions deserve

---

[1] Plaintiff's counsel does not consent to the withdrawal of AOL's jury demand.

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—1*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

little weight. None of them considered this precedent in concluding that parties have a right to a jury trial under Section 16. AOL's motion should be granted.

## ARGUMENT

Pursuant to Rule 39(a) of the Federal Rules of Civil Procedure, a court may withdraw issues designated for a jury trial if "the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." To determine whether a right to a jury trial exists here, the Court must first ascertain whether the statute itself, fairly construed, creates a right to trial by jury. Curtis v. Loether, 415 U.S. 189, 192 n.6 (1974); see also Pernell v. Southall Realty, 416 U.S. 363, 365 (1974). If not, the Court must determine whether the parties have a right to a jury trial under the Seventh Amendment. See Tull v. United States, 481 U.S. 412, 417 n.3 (1987). There is neither a statutory nor a constitutional right to a jury trial here. In the event of a trial, therefore, the Court should exercise its authority under Rule 39(a) and conduct a bench trial.

**A.     No Statutory Right to a Jury Trial Exists Under Section 16.**

Whether a statute provides a right to trial by jury depends, first, on the language of the statute and, second, on its legislative history. See, e.g., Tull, 481 U.S. at 417 n.3; Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 345-46 (1998). The language of Section 16 does not confer a right to a jury trial. The statute makes no mention at all of a jury trial. Nor does the legislative history evince Congressional intent to confer such a right under Section 16. It too is silent on the issue. Section 16, fairly construed in light of its language and legislative history, cannot be said to have created a right to a jury trial.

The sole snippet of potentially contrary evidence is the language in Section 16(b) providing that an action "may be instituted at law or in equity." 15 U.S.C. § 78p(b) (2000) (emphasis supplied). But the Supreme Court has squarely rejected that exact language as a basis for concluding that a statute confers a right to a jury trial. City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687 (1999). In Del Monte Dunes, the Court answered the

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)*—2
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

question whether the language in 42 U.S.C. § 1983 permitting relief to be sought by an "action at law" conferred a statutory right to a jury. Id. at 708. "Section 1983 authorizes a party who has been deprived of a federal right under color of state law to seek relief through 'an action at law, suit in equity, or other proper proceeding for redress.'" Id. Plaintiff contended that the phrase "action at law" is "a term of art implying a right to a jury trial." Id. The Court rejected that argument, noting that it was "not a necessary implication." Id. The Court declined to find a statutory right to a jury under Section 1983 "based solely on the authorization of 'an action at law.'" Id. Having found no statutory right to a jury trial under Section 1983, the Court turned to the constitutional question whether a right to a jury trial for Section 1983 claims is conferred by the Seventh Amendment. Id. The Court held there was a constitutional right to a jury because the claims sounded in tort and the plaintiff – unlike the plaintiff here – sought legal relief. See id. at 709.

Following Del Monte Dunes, at least two courts have held that nearly identical language in the Sarbanes-Oxley Act, 18 U.S.C. § 1514A(b)(1)(B), which provides for "an action at law or equity," does not create a statutory right to trial by jury. See Walton v. NOVA Info. Sys., No: 3:06-CV-292, 2007 U.S. Dist. LEXIS 72219, at *10 (E.D. Tenn. Aug. 14, 2007); Murray v. TXU Corp., No. Civ.A.3:03-CV-0888-P, 2005 WL 1356444, at *1 (N.D. Tex. June 7, 2005). In both cases, the plaintiff argued that Congress intended the phrase "action at law" in the enforcement provision of the Sarbanes-Oxley Act to provide for a jury trial. See Walton, 2007 U.S. Dist. LEXIS 72219, at *10; Murray, 2005 WL 1356444, at *1. And in both cases, the court – relying on Del Monte Dunes – decided that such language did not confer a statutory right to trial by jury. See Walton, 2007 U.S. Dist. LEXIS 72219, at *10; Murray, 2005 WL 1356444, at *1.

Similarly, in F.P. Woll & Co. v. Fifth & Mitchell Street, Corp., the court considered whether there was a jury trial right under the Pennsylvania Storage Tank and Spill Prevention Act. No. Civ.A. 96-5973, 2005 WL 1592948 (E.D. Pa. July 1, 2005). As here, "neither the

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—3*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

statute nor its legislative history mentions a right to a jury trial." Id. at *5. A provision of the Act, however, provides that violations may be handled "in the manner provided by law or equity for the abatement of public nuisances." Id. The court concluded that this language cannot be read to imply "a right to a jury trial," noting that "the U.S. Supreme Court refused to interpret similar language in 28 U.S.C. § 1983 as creating a right to a jury." Id. (citing Del Monte Dunes, 526 U.S. at 707-08). Finding no statutory right to a jury trial, the court analyzed and determined that there was a constitutional right to a jury trial under the Act. Id. at *5-6.

No basis exists for finding a statutory right to a jury trial under Section 16. The statute itself and its legislative history contain no reference to a jury trial. That should end the statutory inquiry. The Supreme Court has squarely rejected implying a right to a jury trial from statutory language permitting "an action at law." Del Monte Dunes, 526 U.S. at 708. The Court must therefore evaluate whether a constitutional right to a jury trial exists for Section 16 claims for disgorgement. It does not.

**B.     No Constitutional Right to a Jury Trial Exists for Section 16 Claims.**

The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to 'suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" Granfinanciera v. Nordberg, 492 U.S. 33, 41 (1989). The analysis to determine whether a party is entitled to a jury trial under the Seventh Amendment is: first, "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, "examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 42 (quoting Tull, 481 U.S. at 417-18). The second factor is "more important" than the first. See Chauffeurs, Teamsters & Helpers, No. Local 391 v. Terry, 494

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—4*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

U.S. 558, 565 (1990); Granfinanciera, 492 U.S. at 42; Tull, 481 U.S. at 421. Here, both factors demonstrate that there is no constitutional right to a jury trial.

### 1. Comparison to 18th Century Actions.

A claim under Section 16 is an action for disgorgement of profits. 15 U.S.C. § 78(p)(b).[2] Claims for disgorgement of illegally obtained profits fall well "within the highest tradition of a court of equity." Porter v. Warner Holding Co., 328 U.S. 395, 402 (1946). Indeed, the equitable power of federal courts to award disgorgement arises from the historical fact that "chancery courts possessed the power to order equitable disgorgement in the eighteenth century." SEC v. Cavanagh, 445 F.3d 105, 120 (2d Cir. 2006). A comparison of plaintiff's claim here to analogous 18th century actions confirms its equitable nature.

The Second Circuit's review of the history of disgorgement claims in Cavanagh is instructive. There, the court addressed the question of whether federal courts possess the authority under the Constitution and the Judiciary Act to award disgorgement as a remedy. See id. at 116-120. The question hinged on whether disgorgement was a historically equitable remedy "devised and . . . administered by the English Court of Chancery at the time of the separation of the two countries." Id. at 117 (citing Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 318 (1999)). The court, therefore, turned to "historical sources to determine whether equity courts traditionally awarded disgorgement of ill-gotten assets." Id. at 118.

Citing treatises on equity from 1820 and 1835, the court noted that "[e]arly writings on equity recognized the Chancellor's power to compel disgorgement of wrongly gained assets." Id. at 119. Modern sources compelled the same conclusion. Id. ("Modern works on restitution trace the remedy's history to ancient cases in equity."). The only thing novel about claims for "disgorgement," the court reasoned, is its name: "That the term disgorgement has entered

---

[2] See Kern County Land Co. v. Occidental Petroleum Corp., 411 U.S. 582, 595 (1973); At Home Corp. v. Cox Commc'ns. Inc., 446 F.3d 403, 404 (2d Cir. 2006).

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)*—5
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

common legal parlance only recently cannot obscure that the ancient remedies of accounting, constructive trust, and restitution have compelled wrongdoers to 'disgorge' – i.e., account for and surrender – their ill-gotten gains for centuries." Id. (citing United States ex rel. Taylor v. Gabelli, 2005 WL 2978921, at *5 (S.D.N.Y. Nov. 4, 2005) (disgorgement of profits is "a 'classic' restitutionary remedy inherently distinct from compensable damages")).

The court also looked to 18th century reported cases to confirm that "English equity courts compelled the repayment (in effect, 'disgorgement') of ill-gotten gains in cases decided before our independence." Cavanagh, 445 F.3d at 120 (citing Garth v. Cotton, 27 Eng. Rep. 1182, 1196 (1753) and Willoughby v. Willoughby, 99 Eng. Rep. 1366 (1756)). Following suit, "American courts also awarded equitable remedies similar to modern disgorgement in cases decided around the time of our nation's founding." Id.[3] Equipped with overwhelming historical evidence that claims for disgorgement had their roots in the 18th century English courts of equity, the Second Circuit affirmed the district court's holding that federal courts possess the equitable power to impose the remedy of disgorgement. See also Newby v. Enron Corp., 188 F. Supp. 2d 684, 702 (S.D. Tex. 2002) ("Restitutionary remedies in equity provided by the chancery courts of England included constructive trusts and accounting for profits as mechanisms to accomplish disgorgement . . . ."); SEC v. Commw. Chem. Sec., Inc., 574 F.2d 90, 95 (2d Cir. 1978) ("A historic equitable remedy was the grant of restitution 'by which defendant is made to disgorge ill-gotten gains . . . .'"); SCO Group, Inc. v. Novell, Inc., Civil No. 2:04CV139DAK, 2007 WL 2684537, at *4 (D. Utah Sept. 7, 2007) (same).

Since claims for disgorgement – like the plaintiff's claim here – have their origins in the 18th century English courts of equity, parties have no right to a jury trial on such claims. United States v. Louisiana, 339 U.S. 699, 706 (1950) ("The Seventh Amendment and the statute . . . are applicable only to actions at law.").

---

[3] Citing George Wythe, Decisions of Cases on Virginia by the High Court of Chancery 58 (1795); Haldane v. Fisher, 2 U.S. 176, 2 Dall. 176, 1 L. Ed. 338, 1 Yeates 121, 127 (1792).

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)*—6
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

**2.      The Remedy Sought.**

Section 16 provides a single remedy – disgorgement.  See 15 U.S.C. § 78p(b); see also Kern, 411 U.S. at 595; At Home Corp., 446 F.3d at 404.  Since that remedy is equitable, neither plaintiff nor defendant is entitled to a jury trial.

The Supreme Court has consistently "characterized damages as equitable where they are restitutionary, such as in 'action[s] for disgorgement of improper profits.'"  Terry, 494 U.S. at 570 (emphasis supplied); see also Feltner, 523 U.S. at 352 ("[A]ctions for monetary relief that we have characterized as equitable [include] actions for disgorgement of improper profits."); Tull, 481 U.S. at 424 ("An action for disgorgement of improper profits is . . . a remedy . . . for restitution."); Porter, 328 U.S. at 402 (Restitution of illegally obtained profits is "within the recognized power and within the highest tradition of a court of equity.").  Courts in this circuit have followed that familiar pronouncement.  SEC v. Rind, 991 F.2d 1486, 1488 (9th Cir. 1993) (affirming stricken jury demand on the ground that "disgorgement is an equitable remedy"); Merrell v. Renier, No. C06-404JRL, 2007 WL 172615, at *1 (W.D. Wash. Jan. 18, 2007) (referring to power to award "disgorgement of profits" as an "equitable power"); Women's Fed. Sav. & Loan Ass'n of Cleveland v. Nev. Nat'l Bank, 673 F. Supp. 401, 404 (D. Nev. 1987) ("Disgorgement of profits is an equitable remedy.").

In a setting analogous to this case, the Ninth Circuit decided the question whether an SEC claim for disgorgement of profits could properly be tried before a jury.  SEC v. Rind, 991 F.2d 1486 (9th Cir. 1993).  The SEC had commenced a civil enforcement action under the securities laws, seeking "disgorgement of illegal profits" as its principal remedy.  Id. at 1488.  The district court struck the defendant's jury demand "on the ground that disgorgement is an equitable remedy."  Id.  The Ninth Circuit affirmed.  The Court was mindful that "the Supreme Court has observed that actions for disgorgement of improper profits are equitable in nature."  Id.  The court reasoned that the nature of disgorgement compels the conclusion that it is equitable as opposed to legal:  "the court is not awarding damages to which plaintiff is legally

*Defendant America Online, Inc.'s Motion for*
*a Bench Trial Pursuant to Fed. R. Civ. P.*
*39(a)—7*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178

entitled but is exercising the chancellor's discretion to prevent unjust enrichment." Id. at 1493.[4]

In Design Strategy, Inc. v. Davis, the Second Circuit considered whether parties were entitled to a jury trial where the relief sought, including disgorgement of profits, was equitable in nature. 469 F.3d 284 (2d Cir. 2006). Plaintiff sued to recover, inter alia, "all profits earned" by defendant "as a result of the unlawful diversion of business." Id. at 292. As in Rind, the district court struck the defendant's jury demand because the relief requested was equitable. The Second Circuit affirmed. The court analyzed the various claims for relief, including disgorgement, and concluded that "none of the[] categories is 'damages' in the strict sense of remedying 'loss' to [plaintiff]." Id. at 300. Instead, the court reasoned, "[a]ll these categories seek monies unjustly earned by . . . Defendants or monies expended during litigation – none of these categories has any connection to [plaintiff's] action loss." Id. (citing Dan B. Dobbs, Law of Remedies, § 2.6(3) (2d ed. 1993): "Some money claims are not 'damages' representing the plaintiff's loss but 'restitution' representing the defendant's unjust gains. . . .").

In United States v. Philip Morris, Inc., the court also addressed whether disgorgement of profits is an equitable remedy. 273 F. Supp. 2d 3 (D.D.C. 2002). There, the predominant relief sought was disgorgement profits. Id. at 8. The measure of recovery there, as here, was based on defendants' profits and "not on [p]laintiff's loss." Id. The court held that disgorgement of profits "fits squarely" within the definition of restitution and is, therefore, "equitable in nature." Id. "[C]ivil suits to obtain disgorgement of profits or restitution have traditionally and repeatedly been characterized as equitable in nature." Id. at 9 (citing Feltner, 523 U.S. at 352 ("actions for monetary relief that we have characterized as equitable, such as disgorgement of

---

[4] See Cavanagh, 445 F.3d at 117 ("'[D]isgorgement' is not available primarily to compensate victims. Instead, disgorgement has been used by the SEC and courts to prevent wrongdoers from unjustly enriching themselves."); Commw. Chem. Sec., 574 F.2d at 102 ("disgorgement . . . is a method of forcing a defendant to give up the amount by which he was unjustly enriched"); SEC v. Global Health, No. 04CV01802, 2006 WL 4005575, at *2 (S.D. Cal. Dec. 11, 2006) ("Disgorgement is an equitable remedy designed to compel a defendant to give up the amount by which he was unjustly enriched.").

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—8*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

improper profits"); Terry, 494 U.S. at 570 ("we have characterized damages as equitable where they are restitutionary, such as in action[s] for disgorgement of improper profits"); Porter, 328 U.S. at 402 (same)).

Since disgorgement of profits is an equitable remedy, neither plaintiff nor AOL has a right to a jury trial in this case. See, e.g., Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 170 (9th Cir. 1989) ("no constitutional right to a jury trial" because . . . "[r]escission is an equitable remedy"); Kramer v. Banc of Am. Sec., LLC, 355 F.3d 961, 966 (7th Cir. 2004) ("no right to a jury where the only remedies sought (or available) are equitable"); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 648 (7th Cir. 2002) ("If the only relief sought is equitable . . . neither the party seeking that relief nor the party opposing it is entitled to a jury trial."); Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1245 (3d Cir. 1994) (no jury trial rights attach to equitable claims); Commw. Chem. Sec., 574 at 95 ("[W]hen restitution is sought in the form and in the situations allowed in equity prior to the rules or authorized by valid statutes there is no right to jury trial."); Novell, Inc., 2007 WL 2684537, at *5 (granting motion to strike jury demand because the "claims [were] equitable in nature"); Madison Tool & Die, Inc. v. ZF Sachs Auto. of Am., Inc., No. 4:06-cv-0074, 2007 WL 2286130, at *9 (S.D. Ind. Aug. 7, 2007) (granting motion to strike jury demand where remedy sought was equitable); Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Utah Div. of Travel Dev., 955 F. Supp. 598, 605 (E.D. Va. 1997) ("[T]he disgorgement of defendant's profits [is] wholly equitable and do[es] not create a constitutional jury trial right."); CPI Plastics, Inc. v. USX Corp., 22 F. Supp. 2d. 1373, 1378 (N.D. Ga. 1995) (granting motion to strike jury demand where claims were equitable).

**C.     This Motion Raises an Issue of First Impression in the Ninth Circuit.**

Neither the Ninth Circuit nor any of its district courts have reached the question whether claims under Section 16 may be tried to a jury. None of the other circuit courts have decided the question either. Three district courts have. In a brief opinion in 1974, the Northern District

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—9*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

of Oklahoma held that the parties are entitled to a jury trial under Section 16. See Morales v. Mapco, 66 F.R.D. 99 (N.D. Okla.1974). Earlier, the Southern District of New York had held that only plaintiffs could seek a jury trial, Arbetman v. Playford, 83 F. Supp. 335 (S.D.N.Y. 1949), later deciding (in a decision not reported in F. Supp. 2d) that Arbetman was incorrect and that both parties could seek a jury trial under Section 16. See Morales v. Executive Telecard, Ltd., No. 95 CIV. 10202, 1998 WL 788786 (S.D.N.Y. Nov. 10, 1998). For several reasons, this Court should not follow those cases.

      Easiest is Arbetman. 83 F. Supp. 335. It is no longer good law. Nor was it a Section 16 case tried before a jury. On the contrary, the court's holding vacated defendant's demand for a jury trial, determining that plaintiffs but not defendants had a statutory right to a jury under Section 16. The court relied exclusively on the statutory language "at law or in equity," id. at 336, the same language that the Supreme Court would later reject as a sole basis for determining a statutory jury right. See Del Monte Dunes, 526 U.S. at 706-10. The Southern District of New York later also rejected Arbetman. See Executive Telecard, 1998 WL 788786.[5] Notably, though the court in Arbetman did not consider whether the remedy under Section 16 impacts the jury question, the court did recognize that "[t]he stockholder's suit brought under Section 16(b) is a suit . . . in the nature of an equitable action." 83 F. Supp. at 336.

      In Mapco, the district court sustained defendant's demand for a jury trial in a Section 16(b) action. 66 F.R.D. at 100. The court compared Section 16(b) claims to those alleging breach of fiduciary duty and concluded that "if the purpose of the proceeding is merely the recovery of a sum of money, there can be no reason for resorting to equity." Id. Twenty-four

---

[5] Before Executive Telecard, in the context of a motion to compel discovery, another case had cited Arbetman for the proposition that plaintiffs (but not defendants) could demand a jury under Section 16(b). See Baldwin-Montrose Chem. Co. v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y. 1964). The Rothberg court devoted all of one sentence to Arbetman, and, in the end, encouraged the parties to stipulate to plaintiff's offer to withdraw its jury demand. Id. at 356. The holding in the case had nothing to do with the issue here – the court granted a discovery motion permitting the parties to use discovery that was to be taken in a companion case. Id. at 356-57.

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—10*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

years later, the district court in <u>Executive Telecard</u> rejected its district's two earlier decisions and adopted <u>Mapco</u>. Neither <u>Mapco</u> nor <u>Executive Telecard</u> rests on firm ground.

<u>First</u>, neither case reviews – as required – the history of comparable claims in 18th century English courts. <u>See</u> <u>Granfinanciera</u>, 492 U.S. at 42 (a court should "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity"); <u>Tull</u>, 481 U.S. at 417-18 (same). Subsequent to <u>Mapco</u> and <u>Executive Telecard</u>, however, the Second Circuit did just that in <u>Cavanagh</u>. In a consolidated set of "pump and dump" securities cases, the Second Circuit decided whether claims for disgorgement had been historically legal or equitable. <u>Cavanagh</u>, 445 F.3d at 116-20. After a careful review of primary historical sources, the Second Circuit held that federal courts are vested with the equitable power to order disgorgement, a power derived from the historical origin of disgorgement claims within the English courts of equity. <u>Id</u>. at 120.

<u>Second</u>, both cases misanalyze the remedy under Section 16(b). The two cases appear to disagree with one another about potentially comparable common law claims, with <u>Mapco</u> comparing Section 16(b) claims to fiduciary duty claims and <u>Executive Telecard</u> rejecting that comparison. <u>Compare</u> <u>Mapco</u>, 66 F.R.D. at 100 ("a suit is held to be justiciable at law, and not in equity, 'where the purpose thereof is the recovery of damages which have been sustained by reason of . . . <u>a breach of fiduciary duty</u>'") <u>with</u> <u>Executive Telecard</u>, 1998 WL 788786, at *2 (rejecting comparison of Section 16(b) to a statutory breach of fiduciary duty claim: "[b]ecause Section 16(b) does not require proof of breach of fiduciary duty, the comparison to Section 36(b) is inappropriate"). What the two cases do agree on is the view that since the purpose of the Section 16(b) proceeding is "merely the recovery of a sum of money," it is a function for the "law courts." <u>Mapco</u>, 66 F.R.D. at 100; <u>see</u> <u>Executive Telecard</u>, 1998 WL 788786, at *2-3 ("<u>Mapco</u> explained that because recovery of damages has traditionally been understood as a legal remedy rather than an equitable remedy, an action for <u>money damages</u>, such as an action pursuant to <u>Section 16(b)</u>, required trial by jury.").

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—11*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

That view is mistaken. It ignores the nature and history of disgorgement as a remedy. The Supreme Court declared,

> Generally, an action for money damages was "the traditional form of relief offered in the courts of law." This Court has not, however, held that "any award of monetary relief must <u>necessarily</u> be 'legal' relief."
>
>     \*    \*    \*    \*
>
> [W]e have characterized damages as equitable where they are restitutionary, <u>such as in "action[s] for disgorgement of improper profits</u>."

<u>Terry</u>, 494 U.S. at 570-71 (emphasis supplied); <u>see also</u> <u>Feltner</u>, 523 U.S. at 352 ("[A]ctions for monetary relief that we have characterized as equitable [include] actions for disgorgement of improper profits."); <u>Tull</u>, 481 U.S. at 424 ("An action for disgorgement of improper profits is . . . a remedy . . . for restitution."); <u>Porter</u>, 328 U.S. at 402 (same). In cases before and after <u>Executive Telecard</u>, the Second Circuit has followed this pronouncement. <u>See</u> <u>Commw. Chem. Sec.</u>, 574 F.2d 90; <u>Cavanagh</u>, 445 F.3d 105. In <u>Cavanagh</u>, the Second Circuit wrote:

> In the words of Judge Friendly, "[T]he primary purpose of disgorgement is not to compensate investors. <u>Unlike damages</u>, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched." The emphasis on public protection, as opposed to simple compensatory relief, <u>illustrates the equitable nature of the remedy</u>.

445 F.3d at 117 (emphasis supplied; citation omitted). Earlier, in <u>Commonwealth Chemical Securities</u>, the Second Circuit held:

> [N]ot all money claims are triable to a jury. A historic equitable remedy was the grant of restitution "by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or to accomplish both objectives." And "[w]hen restitution is sought in the form and in the situations allowed in equity prior to the rules or authorized by valid statutes there is no right to jury trial." Disgorgement of profits in an action brought by the SEC to enjoin violations of the securities laws appears to fit this description; the court is not awarding damages to which plaintiff is legally entitled but is exercising the chancellor's discretion to prevent unjust enrichment.

574 F.2d at 95; <u>see</u> <u>Novell</u>, 2007 WL 2684537, at \*5.

Overwhelming authority undercuts the reasoning in <u>Mapco</u> and <u>Executive Telecard</u>. In deciding the present question of first impression, the Court should afford them little weight.

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—12*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

## CONCLUSION

For all of the foregoing reasons, in the event of a trial, AOL respectfully requests that the Court set the case for a bench trial.

THE HUNSINGER LAW FIRM


By:   /s/ Michael D. Hunsinger
    MICHAEL D. HUNSINGER
    WSBA No. 7662

100 South King Street, Suite 400
Seattle, WA  98104
Telephone:     206-624-1177
Fax:                206-624-1178
E-mail:  mike@hunsingerlawyers.com

WILLIAMS & CONNOLLY LLP

Dane H. Butswinkas, *pro hac vice*
Marcie R. Ziegler, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone:     202-434-5000
Fax:                202-434-5029
E-mail:  dbutswinkas@wc.com
        mziegler@wc.com
        akeyes@wc.com

Dated:  November 19, 2007          *Attorneys for America Online, Inc.*

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—13*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Andrew Keyes
Williams & Connolly
Attorney for AOL, Inc.
akeyes@wc.com
amacdonald@wc.com

George A. Borden
Williams & Connolly
gborden@wc.com

Dane H. Butswinkas
Williams & Connolly
dbutswinkas@wc.om

Clint L. Narver
Williams & Connolly
cnarver@wc.com

Marcie R. Ziegler
Williams & Connolly
mziegler@wc.com

Jonathan P. Meier
Attorney for Plaintiff Dreiling
jmeier@sylaw.com
Theresa@sylaw.com

Stephen John Sirianni
Attorney for Plaintiff Dreiling
ssirianni@sylaw.com
Theresa@sylaw.com

Richard E. Spoonemoore
Attorney for Plaintiff Dreiling
rspoonemore@sylaw.com
rspoonemore@hotmail.com
Theresa@sylaw.com

*Defendant America Online, Inc.'s Motion for a Bench Trial Pursuant to Fed. R. Civ. P. 39(a)—14*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

1  William P. Brewer
   WBrewer@wsgr.com
2  npierce@wsgr.com

3  Douglas W. Greene
4  dgreene@wsgr.com
   delopez@wsgr.com
5  npierce@wsgr.com

6

7       Executed on November 19, 2007, at Seattle, Washington.

8       I declare under penalty of perjury under the laws of the State of Washington that the
   above is true and correct.

9                                              /s/ Michael D. Hunsinger_____
                                               MICHAEL D. HUNSINGER
10                                             WSBA NO. 7662
                                               The Hunsinger Law Firm
11                                             100 South King Street, Suite 400
                                               Seattle, WA  98104
12                                             Telephone:    206-624-1177
                                               mike@hunsingerlawyers.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Defendant America Online, Inc.'s Motion for*                **THE HUNSINGER LAW FIRM**
*a Bench Trial Pursuant to Fed. R. Civ. P.*                       The Westland Building
*39(a)—15*                                                   100 South King Street, Suite 400
*Case No. C05-1339 JLR*                                              Seattle, WA  98104
                                                                      (206) 624-1177
                                                                   FAX (206) 624-1178