Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS R. DREILING, a shareholder of INFOSPACE, INC.,<br><br>       Plaintiff,<br><br> vs.<br><br>AMERICA ONLINE, INC., a Delaware corporation,<br><br>       Defendant,<br><br> and<br><br>INFOSPACE, INC., a Delaware corporation,<br><br>       Nominal Defendant. | NO. C05-1339JLR<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT AMERICA ONLINE, INC.'S MOTION FOR A BENCH TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 39(a)<br><br>**Noted for Consideration: December 7, 2007** |

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

Plaintiff does not dispute that the sole remedy he seeks under Section 16 is disgorgement of profits. Nor does plaintiff dispute that there is no constitutional right to a jury trial on a disgorgement claim. Rather, plaintiff challenges the timeliness of AOL's motion and attempts to circumvent the constitutional issue by construing Section 16 in a manner inconsistent with controlling Supreme Court precedent. Plaintiff's arguments are unavailing.

## ARGUMENT

### I. A COURT MAY STRIKE A JURY DEMAND AT ANY TIME.

Plaintiff claims that AOL's motion pursuant to Rule 39(a) of the Federal Rules of Civil Procedure is "untimely" and "will prejudice trial preparation." Opp. at 1, 2. Not so.

First, plaintiff's claim of "untimeliness" is without merit. A motion to strike a jury demand pursuant to Rule 39(a) may be filed at any time. See Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 227 (3d Cir. 2007) ("[A] party may file a motion to strike a jury demand at any time under Rule 39(a)."); id. at 226-27 ("[A] court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial."); Rutkowski v. Occidental Chem. Corp., No. 83 C 2339, 1988 WL 107342, at *2 n.3 (N.D. Ill. Oct. 5, 1988) ("Under Rule 39(a)(2), a party can apparently move for a bench trial at any time before trial."). And courts routinely grant motions to strike jury demands shortly before trial. See, e.g., Tracinda Corp., 502 F.3d at 226-27 (upholding district court's grant of a motion to strike filed after the close of discovery, 6 weeks before trial and approximately 8 months after summary judgment); United States v. Schoenborn, 860 F.2d 1448, 1454 (8th Cir. 1988) (affirming district court's grant of a motion to strike filed one week before trial); CPI Plastics, Inc., v. USX Corp., 22 F. Supp. 2d 1373, 1378 (N.D. Ga. 1995) (striking jury demand two weeks before trial); Jones-Hailey v. Corp. of Tenn. Valley

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 1*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

Auth., 660 F. Supp. 551, 553 (E.D. Tenn. 1987) (striking jury demand one month before the scheduled trial date).

Indeed, the filing of a motion is not even a prerequisite to striking a jury demand. Under Rule 39, the Court may, sua sponte, strike a jury demand at any time. See Fed. R. Civ. P. 39(a) ("The trial on all issues so demanded must be by jury unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.") (emphasis added)[1]; see also 8 James W. Moore et al., Moore's Federal Practice § 39.13(2)(c) (3d ed. 2007) ("[A] court has the power to act sua sponte at any time [under Rule 39]."). And courts have acted sua sponte where no jury trial right exists. See Medtronic, Inc. v. Benda, 689 F.2d 645, 660 (7th Cir. 1982) (attaching district court opinion where court struck jury demand sua sponte because the claim was "wholly for equitable relief, and therefore no right to a jury trial exists").[2]

Second, AOL's motion does not cause any prejudice to plaintiff. He cannot seriously contend that a bench trial will "create chaos in plaintiff's trial preparation." Opp. at 2. As courts have noted, striking a jury demand does not prejudice a party because a bench trial requires less preparation than a jury trial. See, e.g., CPI Plastics, Inc., 22 F. Supp. 2d at 1378 ("[N]o real prejudice . . . results from striking the jury demand at this late date. While all parties have operated under the assumption that the trial would be before a jury up to this point, two weeks remain before the trial to allow their parties to adjust their

---

[1] The language of Rule 39 was amended on April 30, 2007 and became effective December 1, 2007. The changes to the language of the rule were "part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." Fed. R. Civ. P. 39, advisory committee note (amend. 2007). The changes were only stylistic.

[2] A court may sua sponte strike a jury demand because it "cannot impose a right to a jury trial where none exists." Jones-Hailey v. Corp. of Tenn. Valley Auth., 660 F. Supp. 551, 553 (E.D. Tenn. 1987).

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)*– 2
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178

presentation for a bench trial. A trial before the Court will require less preparation than trial before a jury."); Barton v. Am. Red Cross, 826 F. Supp. 412, 415 (M.D. Ala. 1993) (There was no prejudice to plaintiff in striking jury demand because the plaintiff "will not have to make any additional preparations for a bench trial. If anything, a jury trial would require slightly more preparation."). Nor can plaintiff contend that he will be prejudiced by having to present his evidence to the Court rather than a jury. He never asked for a jury trial in the first place, and there can be no prejudice if plaintiff does not have a right to a jury trial.

## II.    SECTION 16 DOES NOT PROVIDE FOR A JURY TRIAL.

Plaintiff's argument is squarely at odds with the Supreme Court's decision in City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687 (1999). There the Supreme Court rejected the argument that the phrase "action at law" evidences Congressional intent to provide for a jury trial. Id. at 707-08.

First, plaintiff contends that the phrase "at law" in Section 16 should be construed to provide for a jury trial because Section 16 was enacted in 1934, prior to the merger of law and equity courts. See Opp. at 4. But the Supreme Court, in deciding Del Monte Dunes, concluded that the words "action at law" did not evidence Congress's intent to confer a jury trial when it enacted Section 1983. Congress enacted Section 1983 as part of the Civil Rights Act of 1871, nearly 70 years before the merger of the courts of law and equity in 1938. See 42 U.S.C. § 1983 (2000). Accordingly, plaintiff's reliance on the year that Section 16 was enacted is misplaced and does nothing to distinguish this case from Del Monte Dunes.[3]

---

[3] Nor is plaintiff accurate in his representation that "every § 16 commentator has reached the . . . conclusion" "that a jury . . . adjudicates liability under §16(b)." Opp. at 1. The commentators simply cite and summarize the few cases, decided before Del Monte Dunes, that AOL addressed in its motion. They do not analyze the effect of Del Monte Dunes on those earlier decisions or perform the relevant constitutional analysis.

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 3*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

Second, plaintiff relies on the Supreme Court's decision in Lorillard v. Pons, 434 U.S. 575 (1978). See Opp. at 3-4. Plaintiff fails to mention that the Supreme Court specifically distinguished Lorillard in Del Monte Dunes. In Lorillard, the Supreme Court concluded that the word "legal" was a "term of art" as used in the Age Discrimination in Employment Act of 1967. Lorillard, 434 U.S. at 583. But in Del Monte Dunes, the Court expressly distinguished Lorillard in concluding that the phrase "action at law" was not a term of art. Moreover, the Court explained that its decision in Lorillard "did not rest solely on the statute's use of the phrase ['legal relief'] but relied as well on the statute's explicit incorporation of the procedures of the Fair Labor Standards Act, which had been interpreted to guarantee trial by jury in private actions." Del Monte Dunes, 526 U.S. at 708. No comparable circumstances exist here. Del Monte Dunes is controlling.

Finally, in an attempt to distinguish Del Monte Dunes, plaintiff argues that, unlike Section 1983, Section 16 only provides for one remedy. Plaintiff, however, ignores that the Supreme Court's analysis of the term "action at law" in Del Monte Dunes did not turn on the fact that Section 1983 provided for multiple remedies. Instead, the Supreme Court reasoned that the phrase "action at law" was insufficient, without more, to demonstrate a Congressional intent to provide a jury trial right. See id. Plaintiff cannot ascribe a rationale to the Supreme Court's opinion that the Supreme Court did not adopt.[4]

### III. THERE IS NO CONSTITUTIONAL RIGHT TO A JURY TRIAL IN THIS CASE.

Plaintiff does not dispute that the legislative history is silent on the issue of whether Section 16 confers the right to a jury trial. Where, as here, the statute is silent as to whether

---

[4] Plaintiff is splitting hairs when he argues that the phrase "instituted at law" in Section 16(b) is "very different" than the phrase "liable . . . in an action at law" in Section 1983. Opp. at 5-6. This is a distinction without a difference – one can only be "liable . . . at law" if a plaintiff "institutes" an "action at law." Plaintiff cites no authority for the proposition that the phrase "instituted at law" should be construed differently than "action at law."

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 4*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA 98104
(206) 624-1177
FAX (206) 624-1178

there is a right to a jury trial, the Court must evaluate whether a constitutional right to a jury trial exists.  See Del Monte Dunes, 526 U.S. at 707.  To determine whether a party is entitled to a jury trial under the Seventh Amendment, the Court must first "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and second, "examine the remedy sought and determine whether it is legal or equitable in nature."  Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989).  Plaintiff does not dispute that equity courts traditionally awarded disgorgement or that disgorgement is an equitable remedy.  Nor could he.  See Porter v. Warner Holding Co., 328 U.S. 395, 402 (1946) (Restitution of illegally obtained profits is "within the recognized power and within the highest tradition of a court of equity."); Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 352 (1998) ("[A]ctions for monetary relief that we have characterized as equitable [include] actions for disgorgement of improper profits."); Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 570 (1990) ("we have characterized damages as equitable where they are restitutionary, such as in action[s] for disgorgement of improper profits"); Tull v. United States, 481 U.S. 412, 424 (1987) ("An action for disgorgement of improper profits is . . . a remedy . . . for restitution."); SEC v. Cavanagh, 445 F.3d 105, 120 (2d Cir. 2006) ("[C]hancery courts possessed the power to order equitable disgorgement in the eighteenth century."); SEC v. Rind, 991 F.2d 1486, 1488 (9th Cir. 1993) ("[D]isgorgement is an equitable remedy.").

## CONCLUSION

For all of the foregoing reasons, in the event of a trial, AOL respectfully requests that the Court set the case for a bench trial.

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 5*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178

THE HUNSINGER LAW FIRM


By:  /s/ Michael D. Hunsinger
    MICHAEL D. HUNSINGER
    WSBA No. 7662

100 South King Street, Suite 400
Seattle, WA  98104
Telephone:    206-624-1177
Fax:          206-624-1178
E-mail:       mike@hunsingerlawyers.com

WILLIAMS & CONNOLLY LLP

Dane H. Butswinkas, *pro hac vice*
Marcie R. Ziegler, *pro hac vice*
J. Andrew Keyes, *pro hac vice*
Amanda MacDonald, *pro hac vice*
725 Twelfth Street N.W.
Washington, D.C.  20005
Telephone:    202-434-5000
Fax:          202-434-5029
E-mail:       dbutswinkas@wc.com
          mziegler@wc.com
          akeyes@wc.com
          amacdonald@wc.com

Dated:  December 7, 2007            *Attorneys for AOL*

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 6*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Andrew Keyes
Williams & Connolly
Attorneys for AOL, Inc.
akeyes@wc.com
amacdonald@wc.com

George A. Borden
Williams & Connolly
gborden@wc.com

Dane H. Butswinkas
Williams & Connolly
dbutswinkas@wc.om

Marcie R. Ziegler
Williams & Connolly
mziegler@wc.com

Amanda MacDonald
Williams & Connolly
amacdonald@wc.com

Jonathan P. Meier
Attorney for Plaintiff Dreiling
jmeier@sylaw.com
Theresa@sylaw.com

Stephen John Sirianni
Attorney for Plaintiff Dreiling
ssirianni@sylaw.com
Theresa@sylaw.com

Richard E. Spoonemoore
Attorney for Plaintiff Dreiling
rspoonemore@sylaw.com
rspoonemore@hotmail.com
Theresa@sylaw.com

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 7*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178

1

2   William P. Brewer
    WBrewer@wsgr.com
3   npierce@wsgr.com

4   Douglas W. Greene
    dgreene@wsgr.com
5   scarpenter@wsgr.com
    npierce@wsgr.com
6

7        Executed on December 7, 2007, at Seattle, Washington.

8        I declare under penalty of perjury under the laws of the State of Washington that the
9   above is true and correct.

10

11                                               /s/ Michael D. Hunsinger_____
                                                 MICHAEL D. HUNSINGER
12                                               WSBA NO. 7662
                                                 The Hunsinger Law Firm
13                                               100 South King Street, Suite 400
                                                 Seattle, WA  98104
14                                               Telephone:    206-624-1177
                                                 Mike_hunsingerlawyers@yahoo.com
15

16

17

18

19

20

21

22

23

24

25

26

*Defendant America Online, Inc.'s Reply Memorandum in Support of Its Motion for a Bench Trial Pursuant to Federal Rule of Civil Procedure 39(a)– 8*
*Case No. C05-1339 JLR*

**THE HUNSINGER LAW FIRM**
The Westland Building
100 South King Street, Suite 400
Seattle, WA  98104
(206) 624-1177
FAX (206) 624-1178